UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No:   6:14-cv-1312-Orl-40TBS

JENNIFER A. MAUSER,

    Defendant.

### REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment (Doc 10).  Upon due consideration I respectfully recommend that the motion be **denied without prejudice**.

On August 14, 2014, Plaintiff filed this action against Defendant Jennifer A. Mauser to recover on an outstanding student loan in the amount of $13,640.76, which includes an unpaid principal balance of $8,158.19, and accrued interest in the amount of $4,227.57[1] (Doc. 10 at 2).  Plaintiff alleges that Defendant was served and has failed to appear in this action.  On April 6, 2015, the Clerk of Court entered a default against Defendant (Doc. 9).  On April 16, 2015, Plaintiff filed the pending motion for default judgment (Doc. 10).

The rules regarding service of process on an individual are set out in Federal Rule of Civil Procedure 4.  Rule 4(e) provides that an individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's

---

[1] As of April 15, 2015 (Doc. 10 at 2).

"dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of the state in which the federal district court is located for an action brought in a court of jurisdiction in that state.  FED. R. CIV. P. 4(e).  In Florida, an individual may be served at her home if one of two conditions are met.  A process server must either deliver a copy of the summons and complaint directly to the defendant or leave a copy with a "person residing therein who is 15 years of age or older."  FLA. STAT. 48.031(1)(a).

The process server's Affidavit of Service shows that after numerous failed attempts at service, Defendant was served by posting copies of the summons and complaint at "a conspicuous place on [her] property ..." (Doc. 7).  Service by posting is not provided for in either the federal rules or the Florida statutes.  Therefore, the service of process on Defendant is legally insufficient and the clerk's default was improperly entered.

I respectfully recommend that the district court deny Plaintiff's motion for entry of default judgment against Defendant, and give Plaintiff thirty (30) days to properly serve Defendant.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 20, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties